**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

| | | |
|---|---|---|
| JOHN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2: 22-cv-0208 |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | United States Magistrate Judge |
| PENNSYLVANIA, | ) | Cynthia Reed Eddy |
| PENNSYLVANIA ATTORNEY | ) | |
| GENERAL'S OFFICE, and ALLEGHENY | ) | |
| COUNTY DISTRICT ATTORNEY, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION[1]**

Before the Court is a petition for a writ of habeas corpus filed by state prisoner John Smith ("Petitioner" or "Smith") pursuant to 28 U.S.C. § 2254.  He challenges his conviction entered in the Court of Common Pleas of Allegheny County, docketed at CP-02-CR-0013280-2017.  On August 29, 2018, Smith was sentenced to a term of incarceration of not less than eleven months and twenty-nine days nor more than twenty-three months and twenty-nine days to be followed by a period of probation of three years.  Petitioner did not file any post-trial motions and did not file a direct appeal. Therefore, his judgment of sentence became final on September 29, 2018, thirty days after the entry of the sentencing order. Petitioner did not file a PCRA Petition.

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 10 and 12).

Pursuant to the prisoner mailbox rule, Petitioner filed the instant petition for writ of habeas corpus on December 6, 2021.[2] (ECF No. 1 at p. 15).  In Paragraph 18 of the Petition, which instructs the Petitioner to explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar the petition, Petitioner wrote, "Because of the nature of the injustice."  (*Id*. at ¶ 15). At the time Petitioner filed the petition, he was confined in the Allegheny County Jail.  He filed the instant petition in the United States District Court for the Middle District of Pennsylvania.  On February 3, 2022, that Court transferred the case to the Western District of Pennsylvania. (ECF No. 6).

Respondents filed an Answer in which they argue that the Petition was untimely filed. (ECF No. 16). Petitioner did not file a Reply.[3]  The matter is ripe for disposition.

## II.     Discussion

### A.     *Relevant Law*

This proceeding is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal habeas statute applicable to state prisoners.  AEDPA creates a one-year limit for filing a habeas corpus petition challenging a state-court judgment.  28 U.S.C. § 2244(d)(1).  Generally, the limitations period begins to run on the date the judgment of sentence becomes final "by the conclusion of direct review or upon the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A)*; see Gonzales v. Thaler*, 565 U.S. 134 (2012). A notice of appeal to

---

[2]      The "prisoner mailbox rule" dictates that the filings of pro se prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing.  *Houston v. Lack,* 487 U.S. 266 (1988).

[3]      The Answer provided Petitioner with notice of Respondents' challenge to the timeliness of the Petition, 28 U.S.C. § 2244(d)(1).  Petitioner was ordered to file a Reply setting forth his position regarding the statute of limitations, specifically addressing why his claims should not be dismissed for failure to meet the statutory deadline. (ECF No. 17). The time has passed for filing a Reply and Petitioner has not filed a Reply nor sought an extension in which to do so.

seek review by the Superior Court of Pennsylvania must be filed within thirty days from the entry of the sentencing order. *See* 42 Pa. Con. State. § 9545(b)(3); Pa. R. Crim. 720(A)(3). If no notice of appeal was filed, and timely post-sentence motions were filed, the defendant's judgment becomes final thirty days of the entry of the order deciding the motion. Pa. R. Crim. 720(A)(2)(a). Here, Petitioner did not file post-sentence motions. Thus, his judgment of sentence became final thirty days from the entry of the sentencing order, or September 29, 2018.

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(1). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petition is] not entitled to statutory tolling under § 2244(d)(2)").

A petitioner is entitled to equitable tolling if he can demonstrate that he has diligently pursued his rights and that an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling is reasonable diligence, not maximum, extreme or exceptional diligence. *Id*. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the appellant is exhausting state court remedies as well." *Lavaca v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)).

3

An equitable tolling determination is made on a case-by-case basis. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). Extraordinary circumstances warranting equitable tolling have been found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones*, 195 F.3d at 159. The United States Court of Appeals for the Third Circuit also has emphasized that equitable tolling should be applied sparingly. *See Lacava*, 398 F.3d at 275; *Schleuter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). Nonetheless, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Supreme Court of the United States has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo,* 513 U.S. 289, 324 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Schlup*, 513 U.S. at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to

reach the merits of a barred claim." *Id.* at 316.

> B.      *The Petition is Time-Barred*

It appears to the Court that all of Petitioner's claims are subject to dismissal under AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d).[4]  Petitioner's sentence became final, for AEDPA purposes, on September 29, 2018 (thirty days of the entry of the sentencing order).  Petitioner had one year from that date, or specifically until October 1, 2018, to file a § 2254 petition.[5]  Consequently, since Petitioner did not file the instant petition until 2021, the Petition is untimely and unless his Petition is subject to statutory or equitable tolling, it is time barred.

> C.      *Statutory Tolling*

As noted above, Petitioner did not file a PCRA Petition and thus no time was statutorily tolled on the AEDPA statute of limitations clock.  Giving Petitioner the benefit of the prisoner mailbox rule, the instant petition for writ of habeas corpus was filed on December 6, 2021, well beyond the AEDPA filing deadline.

> D.      *Equitable Tolling*

In his Petition, Petitioner acknowledges that his Petition has been filed beyond the one-year statute of limitations and the only explanation provided is "because of the nature of the injustice."

As noted above, the obligation to exercise reasonable diligence applies to a petitioner's filing of both his state court petition and federal habeas petition.  *See LaCava*, 698 F.3d at 277.

---

[4]      The statute of limitations set out in 2244(d) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004).

[5]      Because the one year deadline fell on a Saturday, September 29, 2018, the next business day Petitioner could file a § 2254 petition was Monday, October 1, 2018.  *See* 1 Pa. C.S. § 1908.

It is also well settled that a prisoner's lack of legal knowledge or limited education does not amount to an extraordinary circumstance for equitable tolling purposes. *Id*. at 276 (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted).

Petitioner has provided no grounds for the Court to conclude that equitable tolling applies. There is no evidence before the Court to suggest that Petitioner ever attempted to file his habeas petition earlier or that he could not have filed it on time. Thus, the Court finds that all of Petitioner's claims are untimely and he is not entitled to equitable tolling.

## III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable that each of Petitioner's claims are time-barred and that he is not entitled to equitable tolling. Accordingly, a certificate of appealability will be denied.

**IV.**     **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as

time-barred.  A certificate of appealability will be denied as to each claim.


July xx, 2023                                              BY THE COURT:


                                                          s/ Cynthia Reed Eddy
                                                          Cynthia Reed Eddy
                                                          United States Magistrate Judge


cc:     JOHN SMITH
        185814
        ALLEGHENY COUNTY JAIL
        950 Second Avenue
        Pittsburgh, PA 15219
        (via U.S. First Class Mail)

        Madeline Williams Sheerer
        Allegheny County District Attorney's Office
        (via ECF electronic notification)